IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**       :
                                    :
                                    :   Crim. No. 1:12-CR-0301-04
                                    :
**v.**                              :
                                    :
                                    :   Judge Sylvia H. Rambo
                                    :
**CHRISTOPHER MOUZON**              :

# M E M O R A N D U M

Presently before the court is Defendant's motion to dismiss the indictment pursuant to 18 U.S.C. § 3162(a)(2). (Doc. 129.) Defendant contends that he was denied his right to a trial within seventy days of his indictment, as required by the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174. It is undisputed that more than seventy days has elapsed between Defendant's indictment and the date set for trial. However, after a review of the record, the vast majority of these elapsed days are excludable from consideration for Speedy Trial Act purposes, and therefore, no violation of the Act has occurred. For this reason, the court will deny Defendant's motion to dismiss the indictment.

## I.        Background

Former co-defendant Almuntasser Hbaiu ("Hbaiu") was indicted by the Grand Jury sitting in the Middle District of Pennsylvania on November 28, 2012. (Doc. 1.) On February 1, 2013, Hbaiu filed a motion to transfer the matter (Doc. 37) to the Central District of California, Western Division, which was opposed by the Government (Doc. 42).[1]  On March 8, 2013, the Grand Jury returned a second

---

[1] The court ordered that a hearing be held regarding Hbaiu's motion to transfer (Doc. 37)
(continued...)

superseding indictment in the captioned case, which charged Defendant, Christopher Mouzon, with, *inter alia*, several crimes arising out of his alleged participation in a conspiracy related to the misbranding of drugs, in violation of 18 U.S.C. § 371; structuring financial transactions, in violation of 31 U.S.C. § 5324; and perjury, in violation of 18 U.S.C. § 1621. (Doc. 50.) The same indictment charged other co-defendants, Ahed Hbaiu ("Ahed") and Gil Conrad Dizon, with offenses resulting from their actions in the conspiracy. (*See id*.) Defendant entered a plea of not guilty before Chief Magistrate Judge Martin C. Carlson on March 19, 2013. (*See* Doc. 67.) At least one co-defendant, Ahed, never appeared in court. Jury selection was scheduled for May 6, 2013 (Doc. 68) and was thereafter continued to July 1, 2013 (Doc. 84).

      On April 25, 2013, Defendant filed a motion to amend the pre-trial release conditions (Doc. 86), which was deemed withdrawn on May 21, 2013 (Doc. 93). On May 23, 2013, Defendant filed a second motion to modify the conditions of his pre-trial release, requesting that the court remove the condition that required him to submit to and pay for drug and alcohol testing (Doc. 94), which was opposed by the Government (Doc. 96). On June 14, 2013, while the second motion to modify conditions was pending, Defendant filed a motion to change venue (Doc. 101) and a motion to sever defendants (Doc. 103),[2] each of which was directly related to motions filed by his co-defendant Hbaiu. Due to scheduling difficulties (*see* Doc.

---

[1](...continued)
and motion for reconsideration of the court's denial to modify the conditions of his pretrial release (Doc. 38) on March 5, 2013. Upon agreement of counsel and the court's being notified that the Government anticipated a second superseding indictment, which was expected to impact the merits of the motion to transfer, was forthcoming, the court continued the hearing until further order. (*See* Doc. 44.)

[2] Hbaiu had filed a motion to sever defendants on April 10, 2013. (Doc. 82.)

105),³ the court was first able to hold a hearing on the outstanding motions on July 24, 2013 (*see* Docs. 116 & 117), which necessitated the court's moving the trial date from July 1, 2013 to September 3, 2013 (Doc. 98). On July 24, 2013, the court denied Defendant's motion to modify the conditions of his pre-trial release. (Doc. 120.) Hbaiu then filed an unopposed motion to continue jury selection to a trial term in 2014. (Doc. 121.) On August 16, 2013, the court granted Hbaiu's motion and rescheduled jury selection for all defendants for February 3, 2014, after finding that the ends of justice were served by granting the extension and that the continuance outweighs the interests of the public and of the defendants to a speedy trial. (Doc. 122.) On August 30, 2013, the court granted Defendant's motions to sever and transfer venue, severing Count IX from Counts I-VIII and transferring Counts I-VIII to the United States District Court for the Central District of California, Western Division, but retaining jurisdiction over Count IX. (Docs. 124 & 125.)

On January 15, 2014, the Government filed a motion to continue trial due to Government counsel's commencing trial in an unrelated case. (Doc. 126.) Although Defendant did not concur, the court granted the motion and continued the February 3, 2014 jury selection to March 17, 2014, concluding that the ends of justice served by granting the continuance outweighed the interests of the public and of the defendant to a speedy trial, based on the court's finding that: (1) Defendant was not incarcerated pending trial, (2) all previous continuances were granted on a defendant's motion or the result of pending motions filed by a defendant, (3) Government counsel was required to try another case, and (4) the present case is

---

³ The hearing date was continued to July 24, 2013, due to defense counsel's unavailability on the date previously scheduled. (Doc. 105.)

complex enough that to deny the continuance "would unreasonably deny . . . the Government continuity of counsel." (Doc. 127.)

On February 28, 2014, Defendant filed the instant motion to dismiss the indictment due to the Government's failure to bring him to trial within seventy days. (Doc. 129.) On March 11, 2014, the Government filed its response (Doc. 133) and Defendant filed his reply (Doc. 134). Thus, the matter has been fully briefed and is appropriate for disposition.

**II.          Legal Standard**

The Speedy Trial Act requires that trial commence within seventy days of a defendant's initial appearance or of the filing and making public of the indictment, if later. *See* 18 U.S.C. § 3161(c)(1). "Despite the strict time limits that the Act places on commencing trial, however, it also recognizes that criminal cases vary and that there are many valid reasons for delay." *United States v. Erby*, 419 F. App'x 176, 179 (3d Cir. 2011). Delay resulting from any pretrial motion, from the date of the filing of the motion through the date of the prompt disposition of the motion, is excluded from the computation of Speedy Trial Act time. *See* 18 U.S.C. § 3161(h)(1)(D). Any pretrial motion, including a motion for an extension of time, creates excludable time, even if it does not in fact delay trial. *See United States v. Novak*, 715 F.2d 810, 813 (3d Cir. 1983), *abrogated on other grounds by United States v. Felton*, 811 F.2d 190 (3d Cir. 1987) (en banc). Moreover, "the amount of time set aside by a district court for the preparation and submission of pretrial motions is excludable 'delay resulting from other proceedings' under 18 U.S.C. § 3161(h)(1), regardless of whether the time is granted *sua sponte* or pursuant to the

defendant's request." *Erby*, 419 F. App'x at 179 (citing *United States v. Barnes*, 909 F.2d 1059, 1064 (7th Cir. 1990)). "[B]roadly speaking, the Act excludes any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel if the judge determines that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." *Id.* (alterations in original and internal quotation marks omitted) (citing 18 U.S.C. § 3161(h)(7)(A)).

    Importantly for present purposes, Section 3161(h)(6) automatically excludes from the 70-day speedy trial clock "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance *has been granted*." 18 U.S.C. § 3161(h)(6) (emphasis supplied); *see also Erby*, 419 F. App'x at 179 (citing *Novak*, 715 F.2d at 815) ("[A]n exclusion applicable to one defendant applies to all co[-]defendants." ); *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) ("[A] motion for a continuance by counsel for [a] co[-]defendant . . . would create excludable days for [the defendant]."). When read together, the pretrial motions exclusion of Section 3161(h)(1)(D) and the co-defendant proceedings exclusion of Section 3161(h)(6) means that cases involving multiple defendants are governed by a single speedy trial clock and a delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants. The court must dismiss the indictment on motion of the defendant if there is a failure to comply with the Speedy Trial Act. 18 U.S.C. § 3162(a)(2). The defendant bears the burden of proving a violation. *Id.*

**III.     Discussion**

Defendant first contends that the indictment against him must be dismissed because prosecutorial delay has violated his rights under the Speedy Trial Act. Assuming the court agrees, Defendant next argues that the dismissal should be with prejudice. The Government argues in response that the continuance of trial until February 3, 2014 was occasioned by a co-defendant and thus attributable to Defendant. In his reply, Defendant argues, for the first time, that the delay was unreasonable and therefore not excludable. Because the court concludes Defendant has failed to sustain his burden in demonstrating a that violation of the Speedy Trial Act occurred, it need not consider whether the dismissal should be with prejudice.

Initially, the court notes that 374 days will have elapsed between Defendant's indictment on March 8, 2013, and the scheduled trial date, March 17, 2014. Furthermore, 363 days will have elapsed between Defendant's initial appearance on March 19, 2013, and the trial date. However, Defendant concedes that "a significant portion of that period can be properly excluded . . . [s]ince [Defendant]'s former co-defendant, Ahed Hbaiu, never appeared in court" and, therefore, the Speedy Trial deadlines were not triggered until Defendant's case was severed from his co-defendants. (Doc. 130, pp. 5-6 of 12.) The court agrees. *See Arbelaez*, 7 F.3d at 347 (citing *Novak*, 715 F.2d at 815) ("[A]n exclusion applicable to one defendant applies to all defendants."). Furthermore, Defendant acknowledges that the time a court takes to consider a co-defendant's motion is also properly excluded. Thus, August 30, 2013, the date on which Defendant's perjury charge was severed from the balance of the indictment, is the initial date for calculating Defendant's speedy trial clock because it is the date on which the timeline was not

tolled due to either a co-defendant's failure to appear or the court's consideration of the pretrial motions.

Defendant's argument rests on the premise that "activity in th[e] case came to a halt" until the court granted the Government a continuance on January 15, 2014. (Doc. 130, p. 6 of 12.) Defendant overlooks a vital event, namely a motion for continuance, filed on August 16, 2013, by Defendant's then-co-defendant, Hbaiu. (Doc. 121.) Indeed, this event requested that the court reschedule trial from September 3, 2013, to a trial term in 2014. (*Id.*) On August 16, 2013, two weeks before the defendants were severed for trial, the court granted Hbaiu's request and rescheduled jury selection for February 3, 2014, the earliest trial term available on the court's schedule. (Doc. 122.) Thus, the reason for the continuance to February 3, 2014 was a result of a motion by a co-defendant. Hbaiu's motion was imputed to Defendant for purposes of computation of time under the Speedy Trial Act, so Defendant effectively joined the motion. Moreover, the court made the findings and statement of reasons required by Section 3161(h)(7)(A). Because the motion was granted before the defendants' cases were severed, the request is imputed to Defendant and the delay caused by the continuance is excluded.

In his reply, Defendant argues, for the first time, that his rights were violated by the unreasonable delays in proceedings concerning Hbaiu.[4] Defendant claims that Subsection (h)(6) excludes only reasonable delays, that the delays caused

---

[4] Defendant failed to mention unreasonableness in his opening brief. Arguments raised for the first time in a reply brief are generally waived because fairness requires that nonmovants have the opportunity to respond to any arguments presented by the movant. *Clouser v. Johnson*, Civ. No. 12-cv-1870, 2013 WL 3524154, *6 (M.D. Pa. July 11, 2013); *Brooks v. Reitz*, Civ. No. 12-cv-2045, 2013 WL 2039096, *3 n.2 (M.D. Pa. May 14, 2013) (citing *Tristate HVAC Equip., LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 529 n.8 (E.D. Pa. 2010)). Nevertheless, the court will address Defendant's unreasonableness argument.

by Hbaiu's motion to continue were not reasonable, and that the time was therefore not excludable in calculating Defendant's speedy trial clock. This argument is unconvincing.

In arguing the delay was unreasonable, Defendant cites his "desire to expedite disposition of this matter." (Doc. 134, p. 5 of 8.) The basis for this "desire" is unclear. Although Defendant is correct that his concurrence was not indicated on Hbaiu's unopposed motion to continue, both the motion and the court's order were served upon his counsel and he did not object to the continuance, even following the court's severing the counts and defendants, a ruling Defendant himself requested.[5] Indeed, nothing in the record indicates Defendant's opposition to Hbaiu's requested continuance. Defendant's position would require the Government – or the court – to revisit, after defendants are severed, the reasonableness of a co-defendant's motion for continuance granted while the defendants were properly joined. Such a retroactive assessment, especially in a situation where, as here, the defendant never indicated his opposition to the continuance while the cases were joined, is neither contemplated by nor in accordance with Section 3161's unitary treatment of motions filed by co-defendants. Accordingly, Defendant's position, to the extent it can be interpreted to argue that the continuance granted while the defendants were joined is unreasonable due to the subsequent severance of defendants, is without merit. Under these circumstances, Defendant may not seek to turn the benefit he accepted into an error that requires the indictment to be dismissed. For these reasons, the time period

---

[5] Significantly, Defendant moved to sever defendants on the basis of misjoinder but did not move to sever his trial from his co-defendant's trial due to delays attributable to co-defendant's pretrial motions. Thus, there is nothing in the record to put either the Government or the court on notice that Defendant desired to be tried expeditiously.

between August 16, 2014 and February 3, 2014 is excludable under the Speedy Trial Act as a delay occasioned by a request imputed to Defendant.

Furthermore, as conceded by Defendant, in the January 15, 2014 order granting the Government's motion to continue, the court made specific findings supporting its determination that the ends of justice served by granting the continuance outweighed the interests of the public and Defendant to a speedy trial. (Doc. 127.) Thus, the period of time between February 2, 2014, and March 17, 2014, is excludable under Section 3161(h)(7)(A).

Moreover, Defendant is not entitled to relief even if the court does not exclude the time between the February 3, 2014 trial date occasioned by Hbaiu's request and the March 17, 2014 rescheduled trial date occasioned by the Government's January 15, 2014 motion. Assuming *arguendo* that these days are not excluded, 42 days would count toward Defendant's Speedy Trial Clock. However, even this number would be reduced by approximately twelve days, the number of days Defendant's instant motion, filed on February 28, 2014, has been pending before the court. *See* 18 U.S.C. § 3161(h)(1)(D). Accordingly, the court finds that Defendant's claim that 138 days have elapsed without commencement of trial is entirely without merit.[6] Thus, there has been no violation of the Speedy Trial Act, and Defendant's motion to dismiss the indictment will be denied.

---

[6] Defendant calculates this number with the terminal date being January 15, 2014, the date on which the Government filed its motion. However, the court finds February 3, 2014, to be the more appropriate operative date, as that was the date scheduled for trial following the court's granting of Hbaiu's August 16, 2013 motion to continue.

## IV.      Conclusion

Although Defendant was indicted on March 8, 2013, and made his initial appearance on March 19, 2013, the delays in bringing this case to trial, with the exception of the Government's January 15, 2014 motion that the court granted after finding that the interests of justice were served by the relief requested, were each occasioned by Defendant or by acts otherwise imputed to him by operation of Section 3161.  Defendant does not dispute that the earliest date his Speedy Trial timeline could commence was August 30, 2013, the date on which his case was severed from that of a co-defendant who never made an appearance.  However, Defendant fails to recognize that, before August 30, 2013, Hbaiu, a co-defendant, filed an unopposed motion for a continuance, requesting that the trial be rescheduled in 2014, which the court granted.  Therefore, the 157 days between August 30, 2013, and February 3, 2014, were caused by a motion that, for Speedy Trial purposes, was imputed to Defendant.  The postponement to March 17, 2014, while requested by the Government, was granted after finding that the ends of justice served by granting the continuance outweighed the interests of the public and Defendant to a speedy trial.  For these reasons, Defendant's claim that over seventy days have passed without the Government's commencement of prosecution is without merit.  Accordingly, Defendant's motion to dismiss the indictment will be denied in its entirety.

An appropriate order will be issued and docketed separately.

                                                                       s/Sylvia H. Rambo
                                                           United States District Judge

Dated:  March 12, 2014.