IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:12-CR-301-04
:
:
**v.** :
:
:
**CHRISTOPHER MOUZON** :

## M E M O R A N D U M

Presently before the court is Defendant Mouzon's motion for reimbursement of travel expenses. In support of his request for reimbursement of $2,167.83 in travel expenses, Mouzon avers that he is indigent and cannot afford to pay the costs of his travel expenses between his place of residence, Monrovia, California, and the place of trial, Harrisburg Pennsylvania. (Doc. 145, ¶ 3.) The $2,167.83 amount requested includes round trip airfare and hotel accommodations for Mouzon and his wife, Alzahraa Mouzon, who he avers was a material witness. Based on the foregoing, the court finds Defendant is not financially unable to pay the costs of transportation to the place of trial and will, accordingly, deny Defendant's motion.

Defendant seeks relief pursuant to 18 U.S.C. § 4285, which provides, in its entirety, as follows:

> Any judge or magistrate of the United States, when ordering a person released under chapter 207 [Bail Reform Act] on the condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his

1

> own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowed for such travel under section 5702(a) of title 5, United States Code.  When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such purposes.

18 U.S.C. § 4285.

Mouzon lives in Monrovia, California, and appeared in the Middle District of Pennsylvania in Harrisburg, Pennsylvania, on March 14, 2014, in preparation for a trial to commence on March 17, 2014.   Shortly after Defendant arrived in Pennsylvania on March 14, 2014, he withdrew his not guilty plea and entered a plea of guilty to a lesser included offense, in full satisfaction of the charges pending here in the Middle District of Pennsylvania and in the Central District of California.  Despite the change of plea, Mouzon's request for reimbursement in the amount of $2,167.83 includes not only round trip air transportation for both his wife and himself, but also hotel accommodations for the full amount of time trial was expected to last.

General Counsel for the United States Marshals Service was presented with the following question: "Under 18 U.S.C. § 4285, does the United States Marshal have the authority to expend government funds for a defendant's subsistence during his or her stay in the charging district, or return transportation expenses to the defendant's residence, when the defendant is released on bail?"  The answer provided by General Counsel was that the United States marshals' authority to expend government funds under 18 U.S.C. § 4285 is limited to payment of a

defendant's travel expenses incurred to appear in court only, and does not provide for subsistence expenses for the defendant on bail once he has arrived at the court destination or return trip funds for travel from the court to a defendant's residence.

Neither the statute nor the legislative history provides authorization for the United States Marshal to expend government funds to provide a defendant with subsistence during his stay in the charging district or for a defendant's return from court to his residence. The legislative history of Section 4285 evidences Congress' intent on this issue. The House Report states:

> The legislation is not intended to expand traditional notions of bail or to eliminate any imposed restrictive limits on the defendant's travel. This bill's provisions would only be applicable to necessary direct travel to the receiving court for subsequent appearance. Further, it is intended that usually only travel expenses to appear before the court would be provided. If it is necessary to provide subsistence expenses by the court it shall be provided only for the time during which the defendant is actually traveling. Subsistence shall terminate upon arrival at the defendant's destination and shall not continue throughout the defendant's stay at the destination.

H.R. Rep. No. 1653, 95th Cong. 2d Sess. 1, reprinted in 1978 U.S. Code Cong. & Adm. News 3732.3733.

Numerous district courts and one appellate court have concluded that Section 4285 does not authorize the United States Marshals Service to provide subsistence expenses to a defendant for lodging during a trial, nor for travel back to his or her residence. *Untied States v. Haley*, 504 F. Supp. 1124, 1129 (E.D. Pa. 1981); *United States v. Gonzales*, 684 F. Supp. 838 (D. VT. 1988); *see also United States v. James*, 762 F. Supp. 1 (D.D.C. 1991); *United States v. Birdhorse*, No. 2:07-CR-65, 2008 WL 2358634 at *2 (D.N.D. 2007).

While Mouzon may be able to invoke Section 4285 for his transportation to court, he must demonstrate financial inability to provide transportation. This requires the court to conduct an "appropriate inquiry" into his financial condition. In *United States v. Forest*, 597 F. Supp. 2d 163, 165 (D. ME. 2009), the court stressed the "especially heavy" nature of the burden a defendant must satisfy to qualify as financially unable to provide for his or her own transportation. The court also contrasted the different, higher standard required to demonstrate financial hardship under Section 4285, with the standard necessary to show indigence for purposes of appointment of counsel. In *United States v. Vaughn, III*, No. 01-20077-01, 2002 WL 1067456 (D. Kan. 1993), the defendant had twice the income of Mouzon; a wife with an income, two dependent children, and significant financial obligations that consumed the majority of their monthly income. He was denied funding for transportation.

Mouzon's affidavit (Doc. 153), shows his income is $2,965 per month, he shows no income earned by his wife, and he has no dependent children. He does have a checking or savings account containing $18,600. The total cost of the round trip transportation from California to Philadelphia was $1,221.00. (Doc. 145-2 at 1.) One-half of that amount would be Mouzon's share or $610.50. The one-way cost would be approximately $305.00. Mouzon can certainly absorb the price of his transportation to the Middle District of Pennsylvania for purposes of answering the charges against him.

Based on the foregoing, Section 4285 permits the court to direct reimbursement for travel expenses incurred limited to a defendant's transportation to the place of trial. Upon consideration of Defendant's updated financial affidavit, this

court finds that Mouzon has not sustained his burden in demonstrating that he is without the ability to pay for his transportation to the Middle District of Pennsylvania on March 14, 2014.  Accordingly, the motion will be denied.  An appropriate order will be issued.

                                             s/Sylvia H. Rambo
                                             United States District Judge

Dated:  March 31, 2014.